IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ERIC M. ROBINSON, | |
|---|---|
| Petitioner, | 4:18CV3154 |
| vs. | |
| STATE OF NEBRASKA, LANCASTER COUNTY JAIL, and BRAD JOHNSON, | MEMORANDUM AND ORDER |
| Respondents. | |

This matter is before me on initial review of Petitioner Eric Robinson's ("Robinson") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[1] (Filing No. 1.) For purposes of this initial review, I will consider the various supplemental materials filed by Robinson as part of the petition, and I take judicial notice of the records in Robinson's other cases filed in this court. (*See* Filing Nos. 3, 6, 9, & 10.) For the reasons discussed below, I will dismiss Robinson's petition without prejudice.

Robinson filed his petition on November 5, 2018, challenging the "CR18-10183/CR18-1107 pretrial detention held by the Lancaster County and District Court at the Lancaster County Dep[artment] of Corrections." (Filing No. 1 at CM/ECF p. 2 (punctuation corrected).) According to Robinson's state court records, available to this court online, a complaint charging Robinson with possession of burglar's tools and possession of a controlled substance was filed on July 31, 2018 in Lancaster County Court Case No. CR18-10183. His case was later

---

[1] I conduct this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a section 2241 action.

bound over to the Lancaster County District Court and an information charging the same two counts was filed in Case No. CR18-1107 on October 12, 2018, where it remains pending. I take judicial notice of the state county and district court records related to this case in *State v. Robinson*, No. CR18-10183, County Court of Lancaster County, Nebraska, and No. CR18-1107, District Court of Lancaster County, Nebraska.² *See [Stutzka v. McCarville](#)*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

Robinson's petition and accompanying supplemental materials consist of over 800 pages, in which he generally renews his claims of fraud and collusion within the judicial system of Lancaster County that date back as early as 2014 and which he has asserted in other cases filed in this court.³ Liberally construed, condensed and summarized (to the extent I can understand the claims), Robinson claims violations of his rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments because there was insufficient evidence to establish probable cause to bind his case over to the state district court, he has received ineffective assistance of counsel, and he has been denied his "privilege to enjoy [state] habeas corpus."⁴ (*See* [Filing No. 1 at CM/ECF pp. 57–58](#); [Filing No. 7-1 at CM/ECF pp. 1–7](#); [Filing No. 10 at CM/ECF p. 57](#).)

---

² Because I take judicial notice of the state court records, I will grant Robinson's pending motion asking I take judicial notice of the "Judge's Notes" in CR18-1107. ([Filing No. 11](#).)

³ *See generally* 4:13CV3130 (Filing Nos. [10](#), [14](#), & [15](#)); 8:17CV204; 8:18CV73; 8:18CV111; 8:19CV42; and 8:19CV43. In renewing these claims, Robinson identifies several of his other state court criminal cases in his petition which he alleges are all "void." ([Filing No. 1 at CM/ECF p. 57](#).) To the extent Robinson seeks to challenge any of these other state court judgments, he must do so in separately filed habeas petitions. *See* Rule 2(e) of the *Rules Governing Section 2254 Cases in the United States District Courts* ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court.").

⁴ This last claim is based on Robinson's disagreement with the Lancaster County District Court's denial of his requests for state habeas relief in Case Nos. CI18-462, CI18-16, and CI18-339, and the alleged failure of the Lancaster County District Court

"[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). "Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (citing cases). Relatedly, "[i]n *Younger v. Harris*, [401 U.S. 37, 43–44 (1971)], the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999).

Abstention here is appropriate because Robinson is involved with ongoing state court criminal proceedings and his allegations do not show that he exhausted his state court remedies (e.g. trial on the merits). Specifically, I find that Robinson's assertions do not constitute "special" or "extraordinary" circumstances that require intervention by the court. *See, e.g.*, *Benson v. Superior Court Dept. of Trial Court of Mass.*, 663 F.2d 355 (1st Cir. 1981) (the specific double jeopardy claim alleged was not extraordinary given the lack of exhaustion). Because it "plainly appears from the petition . . . that [Robinson] is not entitled to relief," *see* Rule 4 of the *Rules Governing Habeas Corpus Cases*, I will dismiss the petition without prejudice.

---

Clerk's office to file one of his petitions for habeas relief. To the extent Robinson seeks to challenge the state district court clerk's handling of his habeas filings or assert any other claims related to the processing and handling of his legal mail, such claims are not properly presented in a petition for habeas corpus; rather, such claims should be brought pursuant to 42 U.S.C. § 1983. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974).

Because "the detention complained of arises from process issued by a state court," Robinson must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Robinson is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus (filing no. 1) is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. Robinson's pending motions (filing nos. 10 & 11) are granted to the extent consistent with this Memorandum and Order.

3. The court will enter judgment by separate document.

Dated this 1st day of April, 2020.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge